<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KAREEM RASHEED,

           Petitioner,

    v.

TERRANCE MOORE, et al.,

           Respondents.

Civil No.03-2036 (FLW)

**O P I N I O N**

**APPEARANCES:**

    KAREEM RASHEED #270169, Petitioner <u>pro</u> <u>se</u>
    EAST Jersey State Prison
    Lock Bag - R
    Rahway, New Jersey 07065

    JEANNE T. COVERT, Assistant Prosecutor
    VINCENT P. SARUBI, Camden County Prosecutor
    Camden County Prosecutor's Office
    25 North Fifth Street
    Camden, New Jersey 08102
    Trenton, New Jersey 08625
    Attorneys for Respondents

**WOLFSON, DISTRICT JUDGE**

    Kareem Rasheed ("Rasheed"), a.k.a. Danny Lamont Smith, confined at East Jersey State prison in Rahway, New Jersey, has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising a number of grounds for relief. The State filed an Answer opposing the Petition on several grounds, accompanied by relevant portions of the State court proceedings.

Petitioner now moves to amend his § 2254 Petition; the State of new Jersey opposes this motion. For the reasons expressed below, the motion will be denied.

## I.  BACKGROUND

Petitioner was indicted by a Camden County New Jersey grand jury of First Degree Armed Robbery, in violation of N.J.S.A. 2C-15-1 (Count 1); Second Degree Aggravated Assault (Counts 2 and 3, 2C:12-1b(1), victim Mary McKenzie and Michael Lee); Fourth Degree Aggravated Assault (Count 4, Michael Lee, 2C:12-1b(4)); Second Degree Possession of a Weapon for an Unlawful Purpose (Count 5, 2C:39-4a); and Third Degree Possession of a Weapon (Count 6, 2C:39-5b). (Answer, Procedural History).  Following trial, a jury found Rasheed guilty on all counts, on April 13, 1995.  (Id.)  The trial court merged Count 4 into Count 3, and sentenced Petitioner on June 30, 1995, as follows: (Count 1 robbery) a 20 year state prison term, to include a 10 year period of parole ineligibility; (Count 2 aggravated assault) 10 years including 5 years' parole ineligibility, concurrent to Count 1; (Count 3 aggravated assault) 10 years including 5 years' parole ineligibility, consecutive to Counts 1 and 2; (Count 5) 10 years, concurrent to Count 1; (Count 6) 5 years, concurrent to Count 1.  (Id.)  The New Jersey Appellate Division merged Petitioner's conviction on Count 5 with his robbery and assault convictions on September 25, 1998.  (Id.)  Rasheed petitioned for certification on on October 6, 1998; the New Jersey Supreme Court denied certification on December 8, 1998.  (Id.)  Thus, Petitioner's aggregate sentence was 30 years' imprisonment (20 years followed by 10 imposed consecutively) with a 15 year period of parole ineligibility (10 followed by 5 imposed consecutively).  (Id.)  Petitioner's application for post-conviction relief was denied on September 29, 2000 and this decision was affirmed by the Appellate Division on July 8, 2002.  (Id.)  The

New Jersey Supreme Court denied certification on December 10, 2002. (Id.) Petitioner submitted this Petition for habeas corpus on April 28, 2003. (Id.) He has moved to be permitted to amend his habeas petition to include a claim under the rulings of the United States Supreme Court in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 92004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>See</u> Habeas Corpus Rule 11; Fed. R. Civ. P. 15. Specifically the claim sought to be added states:

> PETITIONER CLAIMS THAT HE WAS DENIED
> HIS RIGHT TO HAVE A JURY DETERMINE THE
> IMPOSITION OF CONSECUTIVE MAXIMUM TERM
> SENTENCES BETWEEN VICTIMS MICHAEL LEE
> AND MARY MCKENZIE

The State opposes the motion to add the above claim, arguing that (1) the motion should be denied as Petitioner has failed to present the claim to the New Jersey courts and Petitioner has procedurally defaulted it (Respondent's letter brief, Point I); and (2) the claim fails to raise legal assertions sufficient to entitle Petitioner to federal habeas corpus relief.  (<u>Id</u>, Point II).

## II.  DISCUSSION

Section 2254(a) grants the district court subject matter jurisdiction to entertain a claim that a state prisoner is in custody in violation of the federal constitution or federal law or treaties. Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of
> habeas corpus in behalf of a person in custody pursuant to the
> judgment of a State court only on the ground that he is in custody
> in violation of the Constitution or laws or treaties of the United
> States.

"[I]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997).  Moreover, a habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254, Rule 2(c)).  The petition must "specify all the grounds for relief," and set forth in summary form "the facts supporting each of the grounds thus specified." See Rule 2(c) of the Rules Governing Section 2254 Cases in District Courts.  A district court must dismiss a habeas corpus petition, summarily or otherwise, if it appears from the face of the petition that petitioner does not claim a constitutional violation, as required by § 2254(a).  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.

With respect to the instant motion, Petitioner is asserting that his sentences amounting to 30 years of imprisonment were unconstitutional because they were based upon facts not submitted to a jury and proved beyond a reasonable doubt.  Petitioner cites Blakely, supra., 124 S.Ct. 2536, for the following rule of constitutional law:

> Other than the fact of a prior conviction, any fact that increases
> the penalty for a crime beyond the precribed statutory maximum
> must be submitted to a jury, and proved beyond a reasonable doubt.

B.  Exhaustion

Prior to determining the merits of federal claims in a § 2254 petition, a district court must consider the issue of exhaustion.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), petition for cert. filed, (U.S. April 23, 1998) (No. 97-8812).  A Federal District Court may not

4

grant relief under § 2254 unless (1) "the applicant has exhausted the remedies available in the courts of the State," or (2) "there is an absence of available State corrective process," or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert,; 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993). Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). "In addition, the requirement is based upon a pragmatic recognition that federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." Castille v. Peoples, 489 U.S. 346, 349 (1989).

Exhaustion requires a petitioner to fairly present each federal claim to all levels of the state court system. O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999); Castille, 489 U.S. at 350-51; Rose v. Lundy, 455 U.S. 509, 515 (1982); United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. O'Sullivan, 119 S. Ct. at 1732.

A mixed petition containing exhausted and unexhausted claims must generally be dismissed without prejudice as unexhausted. See Rose, 455 U.S. at 510, 522; Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987. Sections 2254(b) and (c) provide "a simple and clear

5

instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Rose, 455 U.S. at 519.  The total exhaustion rule allows state courts to correct alleged constitutional violations, increases the likelihood that all claims will be reviewed in a single federal proceeding, and does not unreasonably impair the prisoner's interest in obtaining speedy relief.  See Rose, 455 U.S. at 516-18, 520-22; Lambert, 134 F.3d at 513.  The habeas petitioner carries the burden of proving total exhaustion.  Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987.  "Thus, . . . if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner."  Lambert, 134 F.3d at 513-14.

Applying these principles to the case at bar it is evident that Petitioner has not exhausted his proposed claim before the New Jersey courts.  Permitting amendment of the Petition to include ths claim would require this Court to dismiss the Petition as a mixed petition.  Rose, 455 U.S. at 510, 522.

C.  Futility of Amendment

This Court also notes that even if circumstances excusing the failure to exhaust were found to exist, it would still be constrained to deny Petitioner's motion.  Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." Fed. R. Civ. Pro. 15(a). Ordinarily, motions to amend pleadings should be liberally granted. See, e.g., Adams v. Gould Inc., 739 F.2d 858, 867-68 (3d Cir.1984) However, in Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173 (3d Cir.1994), the court stated: "... absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to

6

cure deficiency by amendments previously allowed or futility of amendment.' " Id. at 1196 (quoting Bechtel v. Robinson, 886 F.2d 644, 652-53 (3d Cir.1989) (emphasis in original)). See also Long v. Wilson, 393 F.3d 390, 400 (3d Cir, 2004) (citing Lundy).

     Applying these principles to the case at bar, it is evident that amendment of the Petition to include the claim asserted in Petitioner's motion would indeed be futile.  To repeat: the United States Supreme Court decisions relied upon by Petitioner require that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt (emphasis added). Review of the statutes that Petitioner was convicted of violating and the general sentencing provisions contained in N.J.S.A. 2C:43-6[1] shows that the sentencing court never ventured beyond the statutory maximum in imposing sentence with respect to the statutory violations found by the jury. Therefore, the Apprendi/Blakely, line of cases do not apply to the Petitioner.  See Blakely, supra, at 2537 ("statutory maximum" for Apprendi purposes, is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  (internal citation omitted)); United States v. Titchell, 261 F.3d 348, 352 (3d Cir.

---

[1] N.J.S.A. 2C: 43-6 provides in relevant part:
    a. ...a person who has been convicted of a crime may be sentenced to imprisonment, as follows:
(1) In the case of a crime of the first degree, for a specific term of years which shall be fixed by the court and shall be between 10 years and 20 years;
(2) In the case of a crime of the second degree, for a specific term of years which shall be fixed by the court and shall be between five years and 10 years;
(3) In the case of a crime of the third degree, for a specific term of years which shall be fixed by the court and shall be between three years and five years... (emphasis added).

2001) (Apprendi not implicated unless sentence imposed exceeds the statutory maximum for the crime of conviction).[2]

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion to amend his habeas corpus petition.

An appropriate order accompanies this Opinion.

          s/Freda L. Wolfson
          **FREDA L. WOLFSON**
          **UNITED STATES DISTRICT JUDGE**

**DATED:**   June 20 , 2005

---

[2]  The Court also notes that the cases relied upon by Petitioner in his motion have not been made retroactively applicable by the United States Supreme Court. See Tyler v. Cain, 533 U.S. 656, 662-63 (2001) (for a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 motion or 28 U.S.C. § 2254 petition, the Supreme Court itself must make the rule retroactive); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (Blakely rule not made retroactive to cases on collateral review).  See also Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (discussing Blakely in finding United States v. Booker, 125 S.Ct.738 (2005) inapplicable retroactively to cases on collateral review).