**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KAREEM RASHEED,                   :                    Civil No. 03-2036 (FLW)

                    Petitioner,    :

        v.                         :                    **O P I N I O N**

ADMINISTRATOR TERRENCE             :
MOORE, et al.,

                         :

           Respondents.       :

**APPEARANCES:**

        KAREEM RASHEED, #270169, Petitioner Pro Se
        East Jersey State Prison, Lock Bag - R
        Rahway, New Jersey  07065

        ROBIN A. HAMETT, Assistant Prosecutor, Camden County
        Camden County Prosecutor's Office
        25 North Fifth Street
        Camden, New Jersey 08102
        Attorneys for Respondents

**WOLFSON, DISTRICT JUDGE**

      Kareem Rasheed ("Rasheed"), who is confined at East Jersey State Prison in Rahway,

New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising a

number of grounds for relief.  The State filed an Answer opposing the Petition, accompanied by

relevant portions of the State court proceedings.  For the reasons expressed below, the Court will

deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability.  See 28

U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

## I. BACKGROUND

Petitioner was indicted by a Camden County New Jersey grand jury of First Degree Armed Robbery, in violation of N.J.S.A. 2C-15-1 (Count 1); Second Degree Aggravated Assault (Counts 2 and 3, 2C:12-1b(1), victims Mary McKenzie and Michael Lee); Fourth Degree Aggravated Assault (Count 4, Michael Lee, 2C:12-1b(4)); Second Degree Possession of a Weapon for an Unlawful Purpose (Count 5, 2C:39-4a); and Third Degree Possession of a Weapon (Count 6, 2C:39-5b). (Answer, Procedural History). Following trial, a jury found Rasheed guilty on all counts, on April 13, 1995. (Id.) The trial court merged Count 4 into Count 3, and sentenced Petitioner on June 30, 1995, as follows: (Count 1 robbery) a 20 year state prison term, to include a 10 year period of parole ineligibility; (Count 2 aggravated assault) 10 years including 5 years' parole ineligibility, concurrent to Count 1; (Count 3 aggravated assault) 10 years including 5 years' parole ineligibility, consecutive to Counts 1 and 2; (Count 5) 10 years, concurrent to Count 1; (Count 6) 5 years, concurrent to Count 1. (Id.) The New Jersey Appellate Division merged Petitioner's conviction on Count 5 with his robbery and assault convictions on September 25, 1998. (Id.) Rasheed petitioned for certification on October 6, 1998; the New Jersey Supreme Court denied certification on December 8, 1998. (Id.) Thus, Petitioner's aggregate sentence was 30 years' imprisonment (20 years followed by 10 imposed consecutively) with a 15 year period of parole ineligibility (10 followed by 5 imposed consecutively). (Id.) Petitioner's application for post-conviction relief was denied on September 29, 2000 and this decision was affirmed by the Appellate Division on July 8, 2002. (Id.) The New Jersey Supreme Court denied certification on December 10, 2002. (Id.) Petitioner submitted this Petition for habeas corpus on April 28, 2003. (Id.)

## II. FACTS

Federal courts in habeas corpus cases are required to give deference to the factual findings

of both the state trial and appellate courts. Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)

(citing Sumner v. Mata, 449 U.S. 539, 546 (1981) (section 2254 makes no distinction between the

factual determinations of a state trial court and those of a state appellate court)). See also 28

U.S.C. § 2254 (e)(1).[1]  The factual recital is taken from the New Jersey Appellate Division

Opinion in this case. (State v. Rasheed, No. A-827-96T4, N.J. App. Div., 9/25/98, Ans., Ex.

Ra12.) :

> On January 22, 1993, the female victim was working at the grocery store
> she owned on Van Hook street in Camden. Rasheed and Latoya Coleman,
> both with hoods over their heads, but not covering their faces, entered the victim's
> store.[2]  Coleman stated that she, Lamont Bronson and "Mott Dog"[3] drove to a store
> on Van Hook street in order to get money to buy drugs. Coleman also stated that
> Rasheed was ill on the day of the robbery and could not do "stick-ups," so it would
> be easier for him to rob the store instead of the everyday "stick-ups." Coleman and
> Rasheed entered the store to determine whether there were any cameras and if the
> victim was alone. After asking for baby power they left the store, but returned
> shortly thereafter. Rasheed approached the counter to purchase some candy. As
> the victim stretched her hand out to take the five dollar bill from Rasheed's left
> hand, the defendant pulled a gun out with his right hand. When Rasheed
> demanded money, the victim said she did not have any. While continuing to
> point the gun at the victim, Rasheed threatened to kill her if she did not give him

---

[1]  Section 2254 (e)(1) provides: In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

[2]  This victim made an in-court identification of Rasheed, although she prefaced her remarks by saying that she was not positive the Defendant was the man in the store.

[3]  Coleman testified that Mott Dog was the Defendant. At trial, Coleman was called as a witness for the prosecution, but she recanted her previously taped statement. Coleman had pled guilty to her part in the January 22, 1993 robbery of the victim and was sentenced to a prison term for the offense.

the money. Coleman said that Bronson acted as a lookout as she grabbed the victim's mouth and Rasheed pulled out a gun.

At that point, Rasheed and Coleman went around the counter and Coleman took the victim's chains and rings. Coleman stated that she took the victim's gold ring and Rasheed took her chain. Both Rasheed and Coleman were knocking items off the counters "like it was a hurricane in there." Rasheed again threatened to kill the victim if she did not hand over the money. The victim told Rasheed to follow her upstairs to get the money, but Rasheed refused and hit the victim in the head four or five times with the gun.

Rasheed then went around the corner and opened the cash register. While Rasheed was behind the counter, the victim grabbed the smaller Coleman and ran out the front door screaming for help. As the victim was struggling with Coleman a neighbor called the police. The victim observed Rasheed run out of the store with her pocket book, filled with her credit cards and money, and followed him screaming to give back her purse. Coleman also noted that Rasheed had a pocket book with him as he exited the store. Coleman testified that she took a different route to the get-away vehicle driven by Bronson. Apparently three people joined the victim in chasing Rasheed.

At the corner of Decatur and Mount Ephraim, Rasheed turned around and fired his gun multiple times in the direction of his pursuers. The store owner testified that she believed that one of the pursuers had been shot because he was very close to Rasheed when he turned and fired the gun. She also testified that a neighbor found some shells discharged from a gun; however, Detective Robert Turner testified that no shells or bullets were found. Rasheed continued running and got into a white car. Coleman said that she heard Rasheed fire his gun and that he told her that he fired it to scare away people that were trying to help the victim. Later, Coleman, Bronson and Rasheed sold the jewelry and purchased some drugs.

Detective Thomas Kalick testified that on January 22, 1993, at 11:30 p.m. he stopped a 1991 white Pontiac vehicle driven by Bronson at Atco Avenue for making an improper turn. The officer noticed several credit cards in plain view on the dash and floor of the vehicle. These items bore the first victim's name. He then ran a check on the driver, discovered he was the subject of a warrant, and placed him under arrest.

On March 16, 1993, Coleman viewed two photographic lineups and picked Bronson's photograph and Rasheed's photograph as the two people who were involved in the robbery.

4

Rasheed testified at trial and gave a recorded statement to the police on
February 24, 1994 which was played for the jury. He stated that he drove
the vehicle as Coleman and Bronson robbed the store; that Bronson had the
gun; and Coleman stole the victim's pocket book. Rasheed said that he did not
realize Bronson had the gun until after Bronson and Coleman robbed the store.
[State v. Rasheed, No. A-827-96T4, N.J. App. Div., 9/25/98, Ans., Ex. Ra12
at pp. 3-6.]

## III.  DISCUSSION

Standards Governing Petitioner's Claims

Section 2254(a) grants federal district courts subject matter jurisdiction to entertain a

claim that a state prisoner is in custody in violation of the federal constitution or federal law or

treaties.  Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of habeas
> corpus in behalf of a person in custody pursuant to the judgment of
> a State court only on the ground that he is in custody in violation of
> the Constitution or laws or treaties of the United States.

"[I]n conducting habeas review, a federal court is limited to deciding whether a conviction

violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62,

67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982); Barry v. Bergen County

Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997).  Moreover, a habeas corpus petition must meet

"heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28

U.S.C. § 2254, Rule 2(c).  ."  See Rule 2(c) of the Rules Governing Section 2254 Cases in

District Courts.  A district court must dismiss a habeas corpus petition, summarily or otherwise, if

it appears from the face of the petition that petitioner does not claim a constitutional violation, as

required by § 2254(a).  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.

A habeas corpus petition must "specify all the grounds for relief," and set forth in summary form "the facts supporting each of the grounds thus specified."  See Rule 2 (c) of the Rules Governing Section 2254 Cases in District Courts.  Petitioner has the burden of establishing each claim in the Petition.  See United States v. Abbott, 975 F. Supp. 703,705 (E.D. Pa. 1997).

Moreover, under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give deference to determinations of the state courts.  Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Parke v. Raley, 506 U.S. 20, 36 (1992)).  Habeas corpus relief must be denied as to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding [28 U.S.C. § 2254 (d) (1)].

The Supreme Court interpreted this standard in Williams v. Taylor, 529 U.S. 362 (2000), explaining that

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court

> identifies the correct governing legal principle from this Court's
> decisions but unreasonably applies that principle to the facts
> of the prisoner's case. [529 U.S. at 412-13]

See also Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002), cert. denied, 538 U.S. 911

(2003k). Whether a state court's application of federal law is "unreasonable" must be judged

objectively; an application may be incorrect, but still not unreasonable. Williams, 529 U.S. at

409-10. In addition, "in certain cases it may be appropriate to consider the decisions of inferior

federal courts as helpful amplifications of Supreme Court precedent." Matteo v. Superintendent,

SCI Albion, 171 F.3d 877, 890 (3d Cir.), cert. denied, 524 U.S. 824 (1999). Finally, in

considering claims raised in a habeas petition, federal courts "must presume that the factual

findings of both state trial and appellate courts are correct, a presumption that can only be

overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware

Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). See also Duncan v. Morton, 256 F.3d 189,

196 (3d Cir.), cert. denied, 534 U.S. 919 (2001) (federal court must ". . . afford state courts'

factual findings a presumption of correctness, which the petitioner can overcome only by clear and

convincing evidence.").

The United States Supreme Court also has emphasized that "it is not the province of a

federal habeas court to reexamine state-court determinations on state-law questions" because,

"[i]n conducting habeas review, a federal court is limited to deciding whether a conviction

violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62,

67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-20 (1982); Barry v. Bergen County

Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998). "[M]ere

errors of state law are not the concern of [the federal] Court, unless they rise for some other reason

to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86  (1983) (quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)); see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997); United States ex rel. Jacques v. Hilton, 423 F. Supp. 895, 899-900 (D.N.J. 1976).  "[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted), cert. denied sub nom. Dist. Attorney of Bucks County v. Smith, 522 U.S. 1109 (1998); see also Wainright v. Sykes, 433 U.S. 72, 81 (1977) (questions of state substantive law are not federal claims); Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A federal district court may not convert a ground asserting a violation of state law into a ground asserting a violation of the federal  constitution.[4]  Nor may the court address a constitutional claim that is apparent from the facts of the case, but is not set forth on the face of the petition as a ground for relief.[5]  A federal district court must dismiss a habeas corpus petition,

---

[4]  See Engle v. Issac, 456 U.S. 107, 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[5]  See Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir.), cert. denied, 528 U.S. 911 (1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

summarily or otherwise, if it appears from the face of the petition that petitioner does not claim a constitutional violation. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.[6]  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982); see also James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (3d ed. 1998).

Claims Asserted in the Petition

A.

Petitioner claims that the trial court erred in permitting testimony that he had engaged in prior bad acts unrelated to the charge upon which he was on trial, in violation of the Sixth and Fourteenth Amendments to the Constitution (Ground One).  In its Opinion of September 25, 1998, the New Jersey Appellate Division rejected this argument:

> In addition, the trial judge did not err in permitting testimony by Detective Turner regarding Rasheed's prior arrest and incarceration on an unrelated matter.  The evidence was not offered relative to Rasheed's character, but to establish the circumstances under which he gave his confession.  N.J.R.E. 404(b).  The testimony concerning Rasheed's incarceration on other charges was elicited almost wholly by defense counsel and was prompted by a defense tactic which sought to impugn the credibility of the investigation due to the length of time it took the detectives to file the charges.  Moreover, there was no objection to

_____

[6] Rule 4(c) provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

9

the statement, and Rasheed twice referred to the same fact during his cross-examination. Any error in the judge failing to provide a limiting instruction or hold a hearing did not cause an unjust result. R. 2:10-2.  [State v. Rasheed, No. A-827-96T4, N.J. App. Div.,  9/25/98, Ans., Ex. Ra12 at p. 7.]

As previously mentioned, Federal courts reviewing habeas claims cannot "reexamine state court determinations on state-law questions." Estelle v. McGuire, supra at 67-68 (1991); Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) (citing Estelle).  Inquiry as to whether this evidence was correctly admitted under New Jersey law plays "no part [in] a federal court's habeas review of a state conviction." Estelle, supra at 67.  Because it is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions," this court's inquiry is "limited to deciding whether [petitioner's] conviction violated the Constitution, laws, or treaties of the United States." Id. at 68; see also Wells v. Pestock, 941 F.2d 253, 256 (3d Cir.1991) ("Our review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights. We can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee.").

Applying these principles to the facts of the instant case, a review of the New Jersey Appellate Division's decision in State v. Rasheed, A-827-96T4 (Ans., Ex Ra12.) shows that the Court found no error had been committed in admitting this evidence under state law.  Given this determination, a federal habeas court may only consider whether the admitted evidence was so prejudicial as to violate due process and the right to a fair trial.  See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)  (generalized arguments of denial of due process as opposed to specific guarantees under the Bill of Rights were advanced; relief can be granted only if the trial is so

10

infected with unfairness as to make the conviction a denial of due process); Windham v. Markle, 163 F.3d 1092, 1103 (9th Cir. 1998). Petitioner must show that there are no permissible inferences that the jury could have drawn from the admission of the evidence. See Jamal v. Van DeKamp, 926 F.2d 918, 920 (9th Cir. 1991). The evidence must "be of such quality as necessarily to prevent a fair trial." Kealohapauole v. Shimoda, 800 F.2d 1463, 1465 (9th Cir. 1986), cert. denied, 479 U.S. 1068 (1987). As Petitioner has failed to make the necessary showing, as review of the record fails to support his claim, and as this Court does not sit to review state law evidentiary decisions in a habeas corpus action, the Court will deny relief on this claim (Ground One).

B.

Petitioner next asserts that he was denied the effective assistance of counsel by his counsel's failure to object to evidence of Petitioner's prior arrest and incarceration or conduct a pre-trial witness interview, and that the state court erred in not granting him an evidentiary hearing on the ineffective assistance issue (Pet., Grounds Two, Five, Nine). Petitioner presents nothing more than bald assertions on this claim, moreover, a review of the record indicates that these issues were addressed in state court.

Claims of ineffective assistance of counsel are governed by the decision of the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. See also Marshall v. Hendricks, 307 F.3d 36, 84 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). Under Strickland, Petitioner must first show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, Petitioner must show that counsel's

11

deficient performance prejudiced him, resulting in an unreliable or fundamentally unfair outcome of the proceeding. Strickland, 466 U.S. at 687. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, that is, a trial whose result is reliable. Strickland, 466 U.S. at 687; see also Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir.1996). Moreover, "judicial scrutiny of an attorney's competence is highly deferential." United States v. Hart, Civ. A. No. 00-5204, 2002 WL 318337, *4 (E.D. Pa. Feb. 25, 2002) (quoting Diggs v. Owens, 833 F.2d 439, 444-45 (3d. Cir.1987)).

A deficient performance falls "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. To establish deficient performance, Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. In making an objective evaluation as to counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and " might be considered sound trial strategy [under the circumstances]." Id. at 689. Strickland thus imposes a "highly demanding" standard upon a petitioner to prove the "gross incompetence" of his counsel. Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir.), cert. denied, 527 U.S. 1050 (1999) (only rarely will a claim of ineffectiveness succeed under the deferential standard applicable to counsel's performance).

To establish prejudice, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. See also Stevens v. Delaware Correctional Center, 295 F.3d . 361, 369 (3d Cir. 2002) (citing Strickland). Under Strickland, Petitioner is required to

demonstrate how specific errors undermined the reliability of the guilt-determination process. See

United States v. Cronic, 466 U.S. 648, 659 n. 26 (1984). Absent some effect of defense counsel's

conduct on the trial process' reliability, the Sixth Amendment guarantee is generally not

implicated. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Petitioner has not met these requirements. The Court notes that the New Jersey Appellate

Division twice rejected this claim. (Answer, Ra. 12, p8; Ra 32, p. 3.). On direct appeal, the

Appellate Division stated (Ans., Ex. Ra. 12, p8):

> Rasheed has failed to satisfy the Strickland-Fritz test for ineffective assistance
> of counsel. Strickland v. Washington, 466 U.S. 668,686 (1984); State v. Fritz,
> 105 N.J. 42, 58 (1987). He has not demonstrated that his trial counsel was
> deficient or that but for any claimed deficiencies in his representation, the
> outcome of the trial would be different. Nor does the record demonstrate that
> Defense counsel inappropriately failed to call certain witnesses. [citation omitted]

On appeal from the denial of post-conviction relief the court observed (Ans., Ex. Ra 32, p.
3.):

> As to Rasheed's ineffective assistance of counsel arguments, the Law Division
> Judge appropriately denied Rasheed's request for an evidentiary hearing. Rasheed
> failed to establish a prima facie claim by alleging "facts sufficient to demonstrate
> counsel's alleged substandard performance. [citation omitted] Absent such a
> showing, there was no requirement for an evidentiary hearing. [citation omitted]
> In any event, there is no allegation of such specific facts, not set forth in the
> trial court, which require elucidation, and thus no evidentiary hearing is required...
> Parenthetically, we note that an ineffective assistance of counsel argument had
> been raised on the direct appeal as to various issues.

Given the Opinions of the New Jersey Appellate Division on these issues, this Court

cannot conclude that that court's determination resulted in a decision that was contrary to, or

involved an unreasonable application of clearly established federal law or resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in

13

the state court proceedings.  Williams v. Taylor, supra.[7]  The Court also will deny habeas relief on

Grounds Two, Five and Nine of the Petition.

C.

Petitioner also claims that his constitutional right to a fair trial was violated by the

admission of a photographic array into evidence and its subsequent submission to the jury for

consideration (Ground Four).  Again, the New Jersey Appellate Division rejected this claim:

> Furthermore, the trial judge did not abuse his discretion in allowing the
> photographic array to be viewed by the jury.  The victim did not positively
> identify Rasheed.  Although Coleman identified the photograph of Rasheed
> in her confession, she recanted that statement at trial.  It is clear from the
> testimony, and defense counsel's statements, that identification was an issue.
> Cf. State v. Taplin, 230 N.J.Super 95, 99 (App. Div. 1988) (mug shot of defendant
> not admissible because identification was not an issue and no purpose in its
> admission other than for the jury to infer that defendant had a criminal record).
> The judge properly admitted the photographic array and instructed the jury not
> to remove the tape which covered the identification information relating to
> Rasheed.

Thus, the New Jersey Appellate Division found that no error had been committed under

state law.  Given this determination, a federal habeas court may only consider whether the trial

court's ruling was so prejudicial as to violate due process and the right to a fair trial.  See

Windham v. Markle, supra; Jamal v. Van DeKamp, supra; Kealohapauole v. Shimoda, supra.

Petitioner has not made an adequate showing to support his Due Process claim.  See United States

v. Agurs, 427 U.S. 97, 108 (1976) (Petitioner must show that evidentiary error was so pervasive

---

[7]  Cf. Chadwick v. Janecka, 312 F.3d 597 (3d Cir. 2002), cert. denied, 538 U.S. 1000
(2003) (state court's rejection of petitioner's claim without explanation was a decision on the
merits and thus entitled to § 2254(d) deference); Barclay v. Spitzer, 2003 WL 24053776, *18
(E.D. N.Y September 1, 2003) (state appellate court's determination of meritlessness was not
contrary to the standard announced in Williams v. Taylor, supra.).

as to have denied him a fundamentally fair trial);  Donnelly v. DeChristoforo, supra.; Johnson v. Rosenmeyer, supra.  Moreover, as previously mentioned, this Court does not sit to review state law evidentiary decisions in a habeas corpus action.  See Estelle, supra at 67-68. The Court will deny relief on this claim.

D.

Petitioner also asserts that the trial court violated his right to Due Process of Law as guaranteed by the Fourteenth Amendment in admitting a tape-recorded statement as substantive evidence of a suspect- declarant without giving a special precautionary instruction to the jury. (Grounds Six and Eight.)  These claims appear to be unexhausted; however, 28 U.S.C. § 2254 (b) (2) provides that "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."  Section (b)(2) may only be invoked if it is perfectly clear that a Petitioner fails to raise even a colorable federal Lambert v. Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997).  Admission of evidence in a criminal trial gives rise to a federal habeas claim only when the error deprives a defendant of fundamental fairness in his trial. See Lesko v. Owens, 881 F.3d 4, 51 (3d cir.1989), cert. denied, 493 U.S. 1036 (1996); Bisaccia v. Attorney Gen. of New Jersey, 623 F.2d 307 (3d Cir.), cert. denied, 449 U.S. 1042 (1980).  This Court must accord the trial judge substantial deference, as being in a unique position to assess the probative value and inflammatory effect of the evidence sough to be introduced.  Lesko, supra.  Petitioner has failed to make the necessary showing that the trial court's alleged error (if any) was  so egregious as to "deprive[ ] him of a right which he enjoyed under the Constitution, laws, or treaties of the United States." Johnson v. Rosemeyer, supra. at 110.  In addition, as previously mentioned, this Court does not sit to review

15

state law evidentiary decisions in a habeas corpus action.  The Court also will deny relief on these

claims (Grounds Six and Eight).

E.

      Petitioner further asserts that he his constitutional rights were violated by the disparity and

non-uniformity of the sentences imposed upon his co-defendant and himself (Pet., Ground Seven).

      This claim is not cognizable because a challenge to a state court's discretion at sentencing

is not subject to review in a federal habeas proceeding. See Pringle v. Court of Common Pleas,

744 F.2d 297, 300 (3d Cir.1984). See alsou Quach v. Shannon, 2005 WL 2789093, *3 n.3

(E.D.Pa. Oct. 25, 2005).  Again, Petitioner also has totally failed to demonstrate a due process

violation or violation of any other federal right.  See Donnelly v. DeChristoforo, supra.; Johnson

v. Rosenmeyer, supra.  The Court also will deny relief on this claim.

F.

      Petitioner also claims violation of his right to Due Process with respect to the trial court's

purportedly defective charge to the jury on accomplice liability  (Ground Ten).  Questions relating

to jury charges are normally matters of state law and are not cognizable in federal habeas review.

See Engle v. Isaac, supra; Henderson v. Kibbe, 431 U.S. 145 (1977); Zettlemoyer v. Fulcomer,

923 F.2d 284, 309 (3d Cir.), cert. denied, 502 U.S. 902 (1991); Grecco v. O'Lone, 661 F.Supp.

408, 412 (D.N.J.1987). Only where the jury instruction is "so prejudicial as to amount to a

violation of due process and fundamental fairness will a habeas corpus claim lie." Id.

"[T]he fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas

relief." Estelle v. McGuire, supra at 71-72. Rather, the district court must consider " 'whether the

ailing instruction by itself so infected the entire trial that the resulting conviction violates due

process,' ... not merely whether 'the instruction is undesirable, erroneous, or even universally condemned." ' Henderson, 431 U.S. at 154 (quoting Cupp v. Naughten, 414 U.S. 141, 146-47 (1973)). Moreover, "[t]he burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state's court judgment is even greater than the showing required to establish plain error on direct appeal." Id.

Review of the record (Ra.42 at p. 46.) shows that the court clarified whatever confusion that  arguably may have arisen in the charge by the following:

> The Court: Let me try to clarify. [Court's Example] Let's say the initial attempt was the shoplifting.  However, one person unaware that the person is robbing the store comes out, they're not guilty of robbery because they didn't have the intent to rob the store.  However, if they become aware that the robbery had occurred and that they aided and abetted or facilitated the escape from that robbery or the movement and at that point they know the robbery had occurred and then willfully participated in that, then they can be guilty.  Again, the finding of guilty or not guilty is entirely with you.

Petitioner has simply failed to meet his burden of establishing a constitutional violation with respect to the disputed charge.  The Court also will deny relief on this claim.[8]

---

[8]  Petitioner, in a one sentence addition to his supporting facts with respect to Ground Ten, adds that "Additionally, the trial judge did not refer to any lesser included offenses in the context of the accomplice liability charge." (Pet., Ground Ten, Supporting Facts) Petitioner otherwise fails to develop this claim.  Nevertheless, this Court notes that, even if it was error not to charge the jury on lesser included offenses with respect to accomplice liability, the lack of such a charge did not affect the outcome of the trial. There was sufficient evidence to support the grounds on which Petitioner was convicted, and it was clear that the jury believed the Prosecution's version of the events of January 22, 1993, and not the Petitioner's. At most, Petitioner's claim of fault is based on omission, which the United States Supreme Court has stated is less serious than a misstatement of the law. See Henderson v. Kibbe, 431 U.S. 145, 155 (1977) ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law"). Petitioner fails to point to a federal requirement that a specific instruction was required in this instance; nor can he demonstrate that the lack of some proposed charge deprived him of a defense which federal law provided to him. Johnson v. Rosemeyer,

(continued...)

G.

Finally, Petitioner argues that "... even if this court does not think any single point raised [sic] to the level of plain error, the combination and cumulative effects of these errors deprived the defendant of his right to a fair trial." (Pet., Ground Three).   The New Jersey Appellate Division found this argument to be without merit. (Opinion of Superior Ct. of New Jersey, App. Div., State v. Rasheed, A-827-96T4, State's Ex. Ra. 12 at pp. 3,9.) As the previous discussion explains, Petitioner has made no showing of any error warranting habeas corpus relief.

As the Third Circuit stated in Marshall v. Hendricks, supra at 94:

Here, even were we to cumulate all the claimed errors and superimpose them over the extensive trial proceedings, given the quantity and quality of the totality of the evidence presented to the jury, we could not conclude that the New Jersey Supreme Court unreasonably applied Supreme Court precedent or unreasonably determined the facts in making its ruling.

As Petitioner has not shown any error to have been found in the review of his individual claims, this Court likewise cannot conclude that the New Jersey Appellate Division, in considering and rejecting this cumulative error claim, reached a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Williams v. Taylor, supra; Chadwick v. Janecka, supra; Barclay v. Spitzer, supra.

---

[8](...continued)
supra, at 110.  See also James v. Sherrer, 2006 WL 142452, *8 (D.N.J. Jan. 18, 2006).

Certificate of Appealability

Because Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c). See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV.  CONCLUSION

Based upon the foregoing discussion, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability. See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

An appropriate Order accompanies this Opinion.


**FREDA L. WOLFSON**
**UNITED STATES DISTRICT JUDGE**


**DATED**      February 9    , 2006

19

20

21